C. A. FLEMING, Appellant, v. CITY OF MEXICO.

Division One, December 2, 1914.

MERCANTILE AGENT: Interstate Commerce. A mercantile agent who, as the agent of a foreign corporation, goes from house to house and obtains orders from residents for coffees, teas and groceries, and sends them to his principal in another State, which fills them by making up separate packages for each order, and sends them to said mercantile agent, who delivers them in the unbroken package to the persons who have ordered them and receives the money therefor, which he transmits to his principal, is engaged in interstate commerce; and an ordinance which seeks to punish him for engaging in such business without a license, is unenforcible as to him or others engaged in a like business. [Following Jewel Tea Company v. Carthage, 257 Mo. 383.]

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*Philemon S. Karshner* and *F. R. Jesse* for appellant.

(1) It is a principle established beyond controversy that "the negotiation of sales of goods that are

in another State for the purpose of introducing them
into the State in which the negotiation is made is in-
terstate commerce" and is protected from local inter-
ference, burdens, or tax, by clause 3, section 8, of ar-
ticle 1, Constitution of the United States, which pro-.
vides, that, "Congress shall have power—to regulate
commerce with foreign nations and among the several
States and the Indian tribes." That the appellant was
engaged in interstate commerce when he solicited the
orders in the city of Mexico is not open to question.
Robbins v. Taxing District, 120 U. S. 489; Corson v.
Maryland, 120 U. S. 502; Laloup v. Mobile, 127 U. S.
640; Asher v. Texas, 128 U. S. 129; Brennan v. Titus-
ville, 153 U. S. 289; Cardwell v. North Carolina, 187
U. S. 622; Rearick v. Pennsylvania, 203 U. S. 507.  (2)
The delivery of goods to a buyer at his residence in
one State, that have been sent in pursuance of con-
tract by a seller in another State, is interstate com-
merce and subject to no state or local burdens.  The
right to solicit orders implies the obligation and the
right to deliver the goods and the means by which the
delivery is made cannot be controlled by the States.
Bowman v. Railroad, 125 U. S. 479; State v. Freight
Tax, 15 Wall. 275; Ferry Co. v. Pennsylvania, 114 U.
S. 203; Caldwell v. North Carolina, 187 U. S. 622; Tea
Co. v. Carthage, 257 Mo. 383.

*A. C. Whitson* for respondent.


STATEMENT.


C. A. Fleming was a sales agent of the Citizens
Wholesale Supply Company, an Ohio corporation, do-
ing business at Columbus, Ohio.  He was arrested upon
an affidavit filed in a police court in Mexico, Missouri,
for an alleged violation of an ordinance of that city,
enacted on the 29th of June, 1909, which imposed a

fine of not less than ten, nor more than one hundred dollars, on any person acting as "mercantile agent" without the payment of a license fee of two dollars per day, and a fee of fifty cents to the city clerk for issuing the license. [Am. Rev. Ord. City of Mexico of 1893, sec. 57, 57a, 57b.] He was convicted and fined the maximum penalty in the police court, and the same amount upon the hearing of his appeal in the circuit court of Audrain county, from which judgment he has appealed to this court for that his defense was immunity from such prosecution under the commerce clause of the national Constitution.

On the trial in the circuit court, by admissions of the parties of record and by suppletory evidence, the facts were shown to be, to-wit: "For the purposes of this trial it is admitted that on the 6th day of April, 1910, the said Citizens Wholesale Supply Company, a corporation doing business in the State of Ohio, sent its agent, C. A. Fleming, the defendant, from place to place, and from house to house, in the city of Mexico, where said Fleming took orders for tea and groceries and other articles for persons who ordered them for use in their families, and who were not dealers in coffee, groceries and such articles; the said goods were not at the time delivered, but were delivered in the future; and at the time the orders were taken the goods ordered were at the principal place of business of the Citizens Wholesale Supply Company in Columbus, in the State of Ohio."

The testimony was further to the effect that, when the defendant's principal (Citizens Wholesale Supply Company) received from him the orders which he had taken, it packed the goods to fill such orders in separate packages, and when enough had been received for that purpose, assembled these separate packages in large boxes and barrels and shipped them to its agent, the defendant, C. A. Fleming, by a bill of lading, addressed to him at the railroad station in Mexico, Mis-

souri; that the defendant received the goods from the carrier, took them to a room at his hotel and opened the large boxes and barrels, and took out of them the separate packages of the proper size and quantity, to fill the orders of the respective purchasers, and with the aid of said orders (which had been transmitted to him of even date by registered letter or express) delivered said goods in accordance therewith to the individual purchasers; that no goods were sent to defendant by the company except to fill specific orders taken by him in this way, and no goods were sold or delivered by him except in fulfillment of said orders; that when the deliveries were thus made, the defendant collected the money and remitted it to his principal; that it was while engaged in these duties that defendant was arrested and fined in the police and circuit courts as above stated.

## OPINION.

BOND, J. (after stating the facts as above).— Upon the admitted facts, and those shown on the trial, it is impossible to distinguish the instant case from that of the Jewel Tea Company v. City of Carthage, 257 Mo. 383. The doctrine of that case is set forth in paragraph 2 of the opinion therein, and demonstrates that the transaction in question in this case falls within the purview of the provision of the Constitution of the United States, vesting the complete and paramount power in Congress "to regulate commerce with foreign nations, and among the several States, and with the Indian tribes." [U. S. Constitution, art. 1, sec. 8, ch. 3; Houston, E. & W. Tex. Ry. v. United States, 234 U. S. 342; Gibbons v. Ogden, 9 Wheat. (U. S.) 1. c. 222.] The authorities and reason for that view are stated *in extenso* in the opinion in Banc in that case, and must control the disposition of the present case. Our conclusion is, that the ordinance referred

to in the aforesaid statement was and is inoperative so far as the appellant (defendant below) or others engaged in like business are concerned.

The respondent did not avail itself of the leave granted until the 24th of October, to file a brief on this appeal, nor made any oral argument at the time of its submission. We have therefore been deprived of the benefit of its theory of the law, applicable to the facts shown in this record, as we were also without any similar aid on the part of respondent in the case of the Jewel Tea Co. v. City of Carthage, supra.

The judgment herein is reversed and the cause remanded with directions to dismiss the proceeding against appellant. All concur.